DECISION
Werner Klatt and Robert Klatt, defendants-appellants, appeal a decision of the Franklin County Municipal Court. The court held that appellants were liable to Carol A. Carstons, plaintiff-appellee, for $650 plus interest. The court also ruled against appellants on a counterclaim they filed against appellee.
In 1999, appellee rented an apartment from appellants. Appellee moved out of the apartment on June 30, 1999. When appellee initially rented the apartment, she paid appellants a $650 security deposit. On August 20, 1999, appellee filed a complaint against appellants claiming they wrongfully withheld her security deposit after she vacated the apartment. Appellee stated that appellants could not withhold her security deposit without furnishing proof of damage to the apartment and/or the cost of repairs for the damage. On August 30, 1999, appellants filed a counterclaim against appellee, claiming that appellee should be held liable for $1,478.68 in compensatory damages and $4,436.04 in punitive damages.
On October 7, 1999, appellants filed a motion for sanctions against appellee claiming she failed to answer interrogatories. A review of the record shows that appellee filed her answers to appellants' interrogatories on October 4, 1999. On October 13, 1999, appellants filed another motion for sanctions claiming that "her incomplete and evasive answers count as failures to answer." On December 27, 1999, appellants filed a third motion for sanctions claiming that appellee ignored a second set of interrogatories served upon her.
A trial was held before the trial court, and on February 15, 2001, the court filed a judgment entry stating:
 Based upon the evidence adduced through sworn testimony, judging the credibility of the witnesses, taking into consideration the witnesses' appearance on the stand and the manner in which they testified, and reviewing the totality of the circumstances, along with the Court's common sense as it relates to the law applicable to this case, the Court finds as follows:
 Had [appellee] correctly served [appellants], [appellee] would be entitled to double damages and attorney fees. Further, the Court finds that had [appellee] properly and timely filed a complaint for "frivolous litigation", the Court would have awarded [appellee] attorney fees. The Court, having carefully reviewed the credibility of all the witnesses, finds that [appellee's] witnesses were credible. The Court found [appellants'] witnesses to wholly lack credibility based on their body language, facial expressions, inconsistency and changing of testimony.
The court awarded appellee $650 plus interest and found that appellants "did not prove their Counterclaim and wrongfully withheld [appellee's] security deposit."
On February 20, 2001, appellants filed a motion for findings and conclusions pursuant to Civ.R. 52. Appellants requested the court to provide: (1) findings as to all evidence presented by appellee as to whether appellants received a letter mailed in July 1999; (2) findings and conclusions "as to the effect" of an itemized list of damages in their answer filed on August 30, 1999; (3) findings "as to the identity" of the service of appellee's complaint on appellants; (4) findings identifying each inconsistency found by the court concerning the testimony of appellee's witnesses; (5) findings and conclusions on the deduction of $53.17 from the security deposit and "its effect on the commencement date of interest on any judgment"; and (6) findings and conclusions concerning contempt and obstruction of discovery by appellee.
On April 1, 2001, the trial court filed a judgment entry in response to appellants' motion for findings and conclusions, which stated in part:
 In response to said motion, the Court specifically indicated in the Judgment Entry filed February 17, 2001 that [appellants'] witness lacked credibility. The Court did not believe [appellants'] claim of damages. The Court finds [appellants] created a list of damages to cover the wrongful withholding of [appellee's] deposit. The Court will grant a $53.17 credit toward judgment. The Court is not finding [appellee] in contempt or any sanctions. In reviewing the litigation in this case in total, the Court believes it would be a miscarriage of justice to grant sanctions or contempt.
Appellants appeal this decision and present the following assignment of error:
 The trial court committed prejudicial error in responding to a Civ.R. 52 request for findings of fact and conclusions of law by ignoring some requests and responding to others with generalities and descriptions of evidence.
Appellants argue in their single assignment of error the trial court did not properly respond to appellants' Civ.R. 52 motion. Appellants claim the trial court ignored some of appellants' requests and responded to some of the requests with only generalities and descriptions of the evidence. Appellants ask this court to remand the present case to the trial court "for compliance with Civ.R. 52, and for such other relief as is proper."
Civ.R. 52 states in part:
 When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.
* * *
 Findings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56.
"The purpose of Civ.R. 52 requiring separately stated findings of fact and conclusions of law is to enable a reviewing court to determine the existence of assigned errors." Wilkinson v. Escaja (2001), Mahoning App. No. 99-CA-310. A decision entry satisfies the requirements of Civ.R. 52 where it sufficiently sets forth the basis of its ruling, and the appellate court has an adequate basis upon which to decide the assignments of error presented. Dovetail Construction Co., Inc. v. Baumgartel (2001), Washington App. No. 00CA2, following Abney v. Western Res. Mut. Cas. Co. (1991), 76 Ohio App.3d 424, 431.
In the present case, appellants argue that the trial court should have made certain findings of fact and conclusions of law pursuant to Civ.R. 52. A review of appellants' brief shows the findings they claim the trial court should have made were "request item 6b, concerning [appellee's] obstruction of discovery during the case" and the trial court's "refusal to explain its refusal to award any sanctions." Both of these items concern appellants' motions requesting the trial court to impose sanctions against appellee for failing to answer interrogatories pursuant to Civ.R. 37.
In its judgment entry filed on April 9, 2001, the trial court clearly refused to grant appellants' request for sanctions stating "[t]he Court is not finding [appellee] in contempt or any sanctions [because] the Court believes it would be a miscarriage of justice to grant sanctions or contempt." The court was not required by Civ.R. 52 to make findings of fact and conclusions of law concerning its decision on these motions.
Appellants have also filed a motion pursuant to App.R. 18(C) requesting this court accept their statement of facts as correct and reverse the judgment based upon their brief. App.R. 18(C) states, in part, "the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." We find that even if we accept appellants' statement of facts, it does not warrant a reversal of the trial court's decision. Appellants' motion is denied.
Accordingly, appellants' assignment of error is overruled, and the judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
BRYANT and BOWMAN, JJ., concur.